# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **KATHARINE ZOLOT,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL,**<br><br>*Defendant*. | **CASE NO.: 1:21-CV-00255** |

## FIRST AMENDED COMPLAINT AND JURY REQUEST

**NOW COMES** the Plaintiff, Katharine Zolot ("Zolot"), and complaining of the Defendant, the University of North Carolina at Chapel Hill ("UNC"), alleges the following to be true:

### INTRODUCTION

1       This action arises from UNC's discrimination against and termination of Zolot based on her disability and in retaliation for requesting accommodations and making protected complaints in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*.

**2** Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

## PARTIES, JURISDICTION, AND VENUE

**3** Zolot is a resident of Orange County, North Carolina, and is neither a minor nor incompetent.

**4** UNC is a body politic and corporate entity of the State of North Carolina, and is capable of suing and being sued, as set out in N.C. Gen. Stat. § 166-3.

**5** This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    **5.1** 28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 12101 *et seq*.

**6** This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    **6.1** Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    **6.2** N.C. Gen. Stat. § 1-75.4(1)(c) and (d), as UNC was a domestic corporation engaged in substantial business activity within this state at the time service of process was made upon it;

    **6.3** N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Zolot's person or property.

7      Venue is proper in this Court pursuant to any/all of the following:

   7.1     28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Middle District of North Carolina;

   7.2     28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Middle District of North Carolina.

## STATEMENT OF THE FACTS

8      Zolot has severe depression, post-traumatic stress disorder, borderline personality disorder, and neurological/spinal disabilities that affect the major life activities of thinking and working, as well as the major bodily functions of the neurological system.

9      Zolot began working for UNC at its Institute of Global Health and Infectious Diseases on September 24, 2018, as an Accounting Tech.

10     Zolot's position was salaried.

11     In November 2018, Zolot's disabilities began to worsen.

12     At the time, Zolot and her coworkers were allowed to come in to work as early as 5:30AM or as late as 10AM and leave as early as 4PM or as late as 8PM. They could also work weekends with prior authorization, which was always granted.

13     Zolot utilized this flexibility without any pushback from her supervisor, Diana Stanley ("Stanley").

14. On December 6, 2018, Zolot requested Stanley provide her with an interim review. Stanley did not indicate any performance issues on the review.

15. Because her disability continued to worsen, Zolot sought a formal accommodation in January 2019, disclosing her disability to Stanley for the first time.

16. Immediately after seeking accommodation and disclosing her disability, Stanley began micromanaging Zolot and treating her rudely in a way that she had not before. Stanley also significantly changed Zolot's job duties.

17. Stanley began prohibiting Zolot from working late or on weekends, even though her coworkers continued to be able to work late and on weekends.

18. Zolot spoke to Briana Marini ("Marini") in Human Resources on February 1, 2019, about her accommodation but was then referred to Rudy Jones ("Jones") at UNC's Equal Employment Opportunity Office.

19. Jones gave Zolot accommodation request forms, which she returned within two weeks.

20. Zolot also informed Jones that Stanley had adopted a hostile demeanor towards her since she began the accommodation process and had changed her job duties.

21. It took UNC more than a month to respond to Zolot's accommodation request, during which time she had to use vacation and sick time to care for her disability and fell behind because Stanley refused to let her work early, late, or on weekends to make up for time she missed.

**22** On March 29, 2019, UNC's EEO Office gave Zolot an accommodation that included the ability to telework and flexible hours.

**23** Later that same day, Stanley and Octavia Bullard ("Bullard") from Human Resources met with Zolot and told her that they were not going to follow the EEO accommodation and instead limit Zolot to an arbitrary 9:30AM-6PM schedule, which her nondisabled coworkers did not have to follow.

**24** UNC provided a laptop for telework that did not work properly or have programs that Zolot required to perform her job duties. Zolot asked her supervisor, HR, the EEO, and IT, but nobody would repair or replace the laptop.

**25** Zolot started regularly requesting meetings with Jones about having her EEO accommodation limited by Stanley and HR, which he ignored until late May 2019.

**26** On April 30, 2019, Stanley gave Zolot a failing performance review. In that review, she demerited Zolot for things she had never before mentioned as being problems.

**27** On May 23, 2019, Zolot was finally granted a meeting with Jones and E.W. Quimbaya-Winship ("Quimbaya-Winship"), another UNC EEO employee.

**28** Zolot believed that the meeting was in response to her multiple complaints about Stanley limiting her accommodation, but when she arrived, she discovered that the meeting was actually about Stanley's objections to having to accommodate her disability. Jones and Quimbaya-Winship also threatened to take Zolot's accommodation away.

29      Zolot explained that she felt discriminated against because her accommodation had not been honored and she also requested additional accommodations to help her catch up on the work she had fallen behind on as a result of her accommodation not being honored.

30      On May 25, 2019, Zolot made a formal discrimination complaint by email to Quimbaya-Winship, restating her complaints from the May 23 meeting.

31      Zolot reiterated her concerns in a follow-up meeting with Nicole Wiley and Erin MacDonald from UNC's EEO on May 30, 2019.

32      Zolot finally received a working laptop shortly after the May 30 meeting.

33      On June 17, 2019, Jones sent Zolot an email stating that her additional requests for accommodation were denied and that she had to adhere to a schedule that was stricter still than any she had previously had at UNC before or after her request for accommodation.

34      On June 18, 2019, UNC's EEO reported no cause finding in its investigation of Zolot's discrimination complaint.

35      On June 25, 2019, Stanley terminated Zolot and told her it had "been planned for a long time."

36      Zolot filed a charge with the EEOC on December 20, 2019.

37      Zolot received a notice of right to sue from the EEOC on December 31, 2020.

38     UNC has 15 or more employees.

# FIRST CAUSE OF ACTION
## Disability Discrimination
*42 U.S.C. §§ 12101* et seq.

39     Zolot was a qualified individual with a disability.

40     Zolot was discharged.

41     Zolot was fulfilling her employer's legitimate expectations at the time of discharge.

42     The circumstances of Zolot's discharge raise a reasonable inference of unlawful discrimination.

# SECOND CAUSE OF ACTION
## Failure to Accommodate
*42 U.S.C. §§ 12101* et seq.

43     Zolot was a qualified individual with a disability.

44     UNC had notice of Zolot's disability.

45     With reasonable accommodations, Zolot could perform the essential functions of her position.

46     UNC refused to make such accommodations.

## THIRD CAUSE OF ACTION
### Retaliation
*42 U.S.C. §§ 12101 et seq.*

47      Zolot engaged in protected activities when she asked for an accommodation and made disability discrimination complaints.

48      Zolot suffered the adverse employment action of termination.

49      There was a causal connection between Zolot's request for accommodation and discrimination complaints and her termination.

## REQUEST FOR JURY TRIAL

50      Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1      Enter Judgment for Zolot against Defendant on all causes of action contained herein;

2      Award Zolot damages in an amount to be determined at trial;

3      Tax the costs of this action against Defendant and award Zolot reasonable attorney fees as permitted by law, and;

4      Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 30th day of April 2021,*

                                                **/s/ WILSON FONG**
                                                *Attorney for the Plaintiff*
                                                NC State Bar No. 50708
                                                HENSEL LAW, PLLC
                                                Post Office Box 39270
                                                Greensboro, North Carolina 27438
                                                Phone: (336) 218-6466
                                                Fax: (336) 218-6467
                                                will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2021, I electronically filed the foregoing First Amended Complaint with the Clerk of Court using the CM/ECF system, which will send notification of filing to the following:

>Kenzie M. Rakes
>NORTH CAROLINA DEPARTMENT OF JUSTICE
>Post Office Box 629
>Raleigh, NC 27602
>krakes@ncdoj.gov
>*Attorney for the Defendant*

>/s/ WILSON FONG
>*Attorney for the Plaintiff*
>NC State Bar No. 50708
>HENSEL LAW, PLLC
>Post Office Box 39270
>Greensboro, North Carolina 27438
>Phone: (336) 218-6466
>Fax: (336) 218-6467
>will.fong@hensellaw.com

-10-

Case 1:21-cv-00255-CCE-JLW   Document 8   Filed 04/30/21   Page 10 of 10